## CRITES v STATE OF FLORIDA

Case No. 87-3024 (County Court Case No. 8391PF)

Thirteenth Judicial Circuit, Hillsborough County

October 11, 1988

### APPEARANCES OF COUNSEL

**Scott K. Tozian,** for appellant.

**James M. Barton, II,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

EDWARD H. WARD, Circuit Judge.

### *MANDATE*

To the Honorable Judges of the County Court, Traffic Division in and for Hillsborough County, State of Florida, Greetings!

WHEREAS, lately in the County Court, Traffic Division, in and for Hillsborough County, State of Florida, the Judgment of said County Court, Traffic Division, in and for Hillsborough County, Florida, was rendered on 2/13/87 as may be found by the inspection of the record, which was brought into this Honorable Court by virtue of an Appeal from the Judgment of the County Court, Traffic Division, in and for

Hillsborough County, Florida, agreeable to the laws of said State in such case made and provided, fully and at large appears:

WHEREAS, after it was considered, adjudged, and ordered by the Circuit Court, Criminal Division, in and for Hillsborough County, Florida, on 10/13/88, that the Judgment of the County COurt, Traffic Division, be and the same is hereby affirmed. A copy of the Opinion affirming lower court is attached and made a part hereof.

YOU ARE HEREBY COMMANDED that further proceedings be had in accordance with said Opinion, the rules of this Court and the laws of the State of Florida.

WITNESS the Honorable Edward H. Ward, Judge of the Circuit Court, and the seal of said Court this the 5th day of January, 1989. A.D.

In this appeal Appellant challenges the denial of his motion to suppress based on the following facts:

The arresting officer observed Appellant make an illegal turn into the wrong lane of traffic. The officer testified that, while he intended to cite appellant for the traffic infractions, his primary goal in stopping appellant was to investigate appellant for possible DUI. After the stop and resulting investigation, the officer charged appellant with DUI but did not issue citations for the illegal turn and driving on the wrong side of the road.

Appellant argues that the stop was unfounded and that all evidence uncovered after the alleged unfounded stop should be suppressed. According to appellant, since the officer admitted stopping appellant for a suspected DUI for which there was neither probable cause nor reasonable suspicion, all evidence obtained subsequent to the stop should be suppressed, even though the arresting officer had ample probable cause to stop appellant for the traffic violations. In short, appellant asserts that the officer used the traffic violations as a pretext for a DUI investigatory stop.

The trial court correctly denied appellant's motion to suppress. The correct standard to be applied under these circumstances is whether the arresting officer observed infractions for which any citizen could have been stopped, notwithstanding the officer's suspicion that the defendant has committed some other crime. *Hansbrough v State*, 509 So.2d 1081, 1084 (Fla. 1987). It is of no moment that the arresting officer does not cite the defendant for the original traffic infractions. *Gasset v State*, 490 So.2d 97, 98 (Fla. 3d DCA 1986).

In the case at bar, clearly the officer could have stopped any citizen

**151**

for the improper turn and driving on the wrong side of the road. Accordingly, the stop was valid, and the motion to suppress was properly denied.

AFFIRMED.

Done and Ordered this 11th day of October, 1988.